1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER ALLEN WILSON and
JANICE M. WILSON,

                              Appellants,

        vs.

PUGET SOUND LEASING CO., INC., et
al.

                              Appellees.

CASE NO. 07cv0069 BTM(NLS)

**ORDER AFFIRMING BANKRUPTCY
COURT ORDER GRANTING RELIEF
FROM AUTOMATIC STAY**

        Janice M. Wilson ("Debtor") and Christopher Wilson (collectively "Debtors") appeal
from the Bankruptcy Court's order granting Puget Sound Leasing Co., Inc. ("Puget") relief
from the automatic stay.   For the reasons discussed below, the Court **AFFIRMS** the
Bankruptcy Court's order.

## I.  BACKGROUND

        On July 28, 2004, Puget obtained a judgment against Janice Wilson, formerly known
as Janice Ranguindin.  In September 2004, Puget obtained a judgment lien against Debtor's
residence in San Diego County and a debtor's examination lien against Debtor's personal
property, including a Dodge Durango.

        Debtors filed a Chapter 13 bankruptcy petition on June 30, 2005.  Debtors' Plan was
confirmed on November 29, 2005.  Debtors' schedule lists Puget as a secured creditor and
the Plan provides for payments to Puget in the amount of $291 per month without interest

1    during the pendency of the bankruptcy case.

2         Puget claims that it did not know that Debtor had filed for bankruptcy until some

3    months after Debtors' Chapter 13 plan had been confirmed because Puget did not know that

4    she had changed her name.   Accordingly, Puget filed its proof of claim for $21,851.46 after

5    the claims bar date.  Debtors objected to the claim as untimely, and the Bankruptcy Court

6    sustained Debtors' objection.  The Bankruptcy Court noted in its tentative ruling that Puget's

7    claim "remains secured by whatever assets it attached to pre-petition when the judgment lien

8    was filed and rides through bankruptcy . . . ."

9         Two months later, after having received no payments, Puget filed a motion for relief

10   from stay to foreclose on its liens.  The Bankruptcy Court granted the motion for relief from

11   stay, rejecting Debtor's argument that the disallowance of Puget's claim as late-filed

12   extinguished Puget's lien.  The Bankruptcy Court found that the failure of Debtor to make

13   post-petition payments on the debt established lack of adequate protection to Puget.

14        Debtors appeal the Bankruptcy Court's order granting Puget's motion for relief from

15   stay.  After filing their notice of appeal, Debtors filed with the Bankruptcy Court a motion for

16   stay of the Bankruptcy Court's order pending appeal.  The Bankruptcy Court denied Debtors'

17   motion for stay without explanation.

18        In an order filed on February 20, 2007, this Court granted Debtors' motion for a stay

19   of the Bankruptcy Court's order pending appeal.  The Court required Debtors to post a bond

20   in the amount of $2,000 with the Clerk of the Court.

21

22                              **II.  DISCUSSION**

23        On appeal, Debtors argue that the Bankruptcy Court erred in granting Puget's motion

24   for relief from stay because (1) Puget's liens are void or voidable as a result of the

25   confirmation of the Chapter 13 Plan; (2) Puget had no interest in property that could form the

26   basis of a finding of lack of adequate protection; and (3) Puget's relief from stay argument

27   was barred by the res judicata effect of the confirmed Chapter 13 Plan.  The Court does not

28   find any of these arguments to be persuasive.

07cv0069 BTM(NLS)

A.      Puget's Liens Survive Bankruptcy

Debtor contends that because Puget was "provided for" in the plan, upon completion of the Plan, Puget's claim against Debtor will be discharged and the liens will be either void or rendered valueless.  The Court disagrees.

As provided by 11 U.S.C. § 506(d)(2), "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless . . . such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."  Debtors suggest that section 506(d)(2) is inapplicable here because Puget actually filed a claim that was disallowed because it was untimely.  However, "one would not expect tardy filing to be treated more severely than a failure to file."  In re Bradshaw, 65 B.R. 556, 558 (Bankr. M.D.N.C. 1986).

Accordingly, "[a] substantial majority of courts have held that liens valid under state law are unaffected by confirmation of a Chapter 13 plan, even when the claim holder has disabled itself from participating in payments by failing to object to confirmation or to file a timely proof of claim."  Norton Bankruptcy Law and Practice 2d, § 122.12 (2006).  See also In re Tarnow, 749 F.2d 464 (7th Cir. 1984); In re Honaker, 4 B.R. 415 (Bankr. E.D. Mich. 1980).  In Bisch v. United States, 159 B.R. 546, 549 (9th Cir. B.A.P. 1993), the court explained, "Failure to file a secured proof of claim in a bankruptcy case might mean that the lienholder will not receive a distribution from the estate.  This may mean forfeiting any right to a deficiency, but it does not waive the lien."

Debtor argues that under California law, the lien upon the residence would have no value upon the completion of the Plan.  Under California law, a judgment lien on real property is a lien for the amount required to satisfy the money judgment.  Cal. Code Civ. P. § 697.350(a).  The amount required to satisfy a money judgment is the amount of the judgment minus "the amount of any portion of the judgment that is no longer enforceable."  Cal. Code Civ. P. § 695.210(d).

Debtor argues that after the completion of the Plan, the money judgment will no longer be enforceable against her and that, therefore, the amount of the lien will be zero.  Although

1   Debtor's argument is creative, the Court is not persuaded by it.

2       It is true that after the completion of the Plan, Debtor cannot be held personally liable

3   for the money judgment.   11 U.S.C. § 1328(a).   However, the judgment will still be

4   "enforceable" against the property.  As explained by the Supreme Court in <u>Johnson v. Home</u>

5   <u>State Bank</u>, 501 U.S. 78, 84 (1991), "[A] bankruptcy discharge extinguishes only one mode

6   of enforcing a claim - namely, an action against the debtor *in personam* - while leaving intact

7   another - namely, an action against the debtor *in rem*."   <u>See also</u> <u>Bisch</u>, 159 B.R. at 549.

8       Thus, the completion of the Plan will not result in the voiding of Puget's liens and will

9   not render the liens valueless.

10

11   B.  <u>Puget has an Interest in Property that is in Need of Adequate Protection</u>

12       1.  <u>Interest in Property</u>

13       Debtors argue that Puget does not actually have a present protectable interest in the

14   residence or a stream of payments.  Therefore, according to Debtors, there was no valid

15   cause for granting Puget relief from the automatic stay.

16       Debtors argue that under California law, Puget's rights against the property "are purely

17   statutory and, in their present state and until further Court action are only potentially

18   remedial, and are completely inchoate until further order that they would need to achieve

19   from a court of competent jurisdiction."  Debtors suggest that the only types of liens that

20   qualify as interests in property entitled to adequate protection are those where the creditor

21   already holds title to the property, such as mortgages.  Debtors' position is not supported by

22   legal authority.  <u>See, e.g., United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 44 n. 13 (1992)

23   (noting that property subject to tax liens is entitled to adequate protection); <u>In re W.B.S.S.</u>,

24   <u>L.P.</u>, __ B.R. __, 2007 WL 1175578 (Bankr. E.D. Tex. 2007) (granting creditors' motion for

25   relief from automatic stay so creditors could foreclose on judgment lien on debtor's real

26   property); <u>In re Milstein</u>, 304 B.R. 208 (Bankr. E.D. Pa. 2004) (granting relief of stay to

27   creditor who had judgment lien on debtor's assets); <u>In re Kelly</u>, 125 B.R. 301 (Bankr. D. Kan.

28   1991) (granting relief from stay so wife of debtor could enforce judgment lien against

1 residence).

2    Puget perfected its judgment lien by recording an abstract of judgment with the County

3 Recorder.  Although further Court action is needed to execute the sale of the house, Puget

4 undeniably has a present interest in the property and is entitled to adequate protection in

5 connection therewith.

6

7    2.  Adequate Protection

8    The Bankruptcy Court concluded that Puget's interest in the residence was not

9 adequately protected because Debtor had failed to make any postpetition payments on the

10 debt.  We review the Bankruptcy Court's order granting relief from the stay for an abuse of

11 discretion.  In re Cybernetic Services, Inc., 239 B.R. 917, 918 (9th Cir. B.A.P. 1999).

12    Upon review of the record, the Court finds that the Bankruptcy Court did not abuse its

13 discretion.  There was evidence that the value of the property was declining.  The residence

14 was valued at $486,000 in Debtor's schedule.  However, in opposing Puget's motion for relief

15 from stay several months later, Debtor valued the residence at $450,000.  In addition, Puget

16 provided evidence that Debtor had failed to make any payments since March of 2005.

17 Debtor did not come forward with any evidence showing that there was in fact adequate

18 protection.  See  In re Plumberex Specialty Products, 311 B.R. 551, 557 (Bankr. C.D. Cal.

19 2004) (explaining that once the movant establishes a  prima facie case  that cause exists for

20 relief under § 362(d)(1), the burden shifts to the debtor to show that relief from the stay is

21 unwarranted).  Therefore, the Bankruptcy Court properly granted Puget's motion for relief

22 from stay on the ground that Puget's interest in the residence was not adequately protected.[1]

23

24    [1] In the Court's order granting Debtors' motion for a stay of the Bankruptcy Court's
order pending appeal, the Court expressed that it was unclear whether the Bankruptcy Court
25 abused its discretion in granting Puget's motion for relief from stay because the letter opinion
did not discuss whether there is an "equity cushion" that could provide protection to Puget.
26 However, Debtors have not raised the "equity cushion" issue in their briefs on appeal.
Debtors do not claim that there is an adequate equity cushion.  Moreover, it appears that to
27 the extent there is an equity cushion, it is inadequate to provide protection.  Debtors value
the house at $450,000.  The first mortgage on the house is in the amount of $339,000.
28 Debtors claimed a homestead exemption of $75,000.

C.      Puget was not Barred by Res Judicata from Moving for Relief from Stay

Debtors contend that the confirmation of the Plan had the res judicata effect of barring Puget from moving for relief from the stay.  The Court disagrees.

In In re Evans, 30 B.R. 530 (9th Cir. B.A.P. 1983), the court held that the confirmation of a Chapter 13 plan barred a secured creditor from arguing that it was entitled to relief from the stay because there was no equity on the part of the debtors in their home.  The court explained:

> An order confirming a Chapter 13 plan is res judicata as to all justifiable issues which were or could have been decided at the confirmation hearing.  Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan.  The issues of adequate protection, lack of equity, and necessity for a successful rehabilitation of the Chapter 13 debtor were all res judicata as of the confirmation of the plan.

Id. at 531 (citations omitted).

However, In In re Harlan, 783 F.2d 839 (9th Cir. B.A.P. 1986), the court found that a confirmed Chapter 13 plan did not preclude a creditor from moving for relief from the automatic stay on the ground that the debtor failed to make a balloon payment that became due under the terms of a promissory note *after the plan's confirmation*.  Payments on this note, which was secured by deeds of trust, were not intended to be included in the plan. Because the plan did not reveal that the debtor planned to disregard the terms of the note, and the debtor's default was outside the terms of the plan, there was no reason for the creditor to object to the plan before its confirmation.  Id. at 840.  Therefore, res judicata did not bar the creditor from arguing cause for relief from stay.

Similarly, in In re Ellis, 60 B.R. 432 (9th Cir. B.A.P. 1985), the court held that a motion for relief from stay based on defaults in postconfirmation payments on a deed of trust was not barred by res judicata.  The court distinguished Evans as holding that section 1327(a) "barred post-confirmation relief from stay based on grounds arising *before* confirmation." Id. at 434.

In this case, the Plan provided for monthly payments to Puget.  Because Puget failed

to file a timely claim, Puget could not receive payments under the Plan.  However, Debtors failed to make any post-confirmation payments to Puget outside of the plan.  Debtors' failure to make post-confirmation payments is a basis for relief that arose *after* confirmation. Therefore, Puget's argument for relief from stay could not have been raised at the confirmation hearing and is not barred by res judicata.

Debtors unconvincingly attempt to distinguish <u>Ellis</u> and <u>Evans</u> on the ground that the debtors in those cases were contractually obligated to make the missed post-confirmation payments.  Although Debtor was not contractually obligated to make monthly payments in a certain amount, Debtor's residence is subject to a valid judgment lien, and the payments were necessary to protect Puget from a decrease in the value of the residence pending the stay.  Accordingly, Debtor's failure to make post-confirmation payments was a legitimate ground for relief from the stay that was not precluded by the confirmation of the Plan.

## III.  CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** the Bankruptcy Court's Order granting Puget's motion for relief from stay.   The stay of the Bankruptcy Court's Order is hereby **VACATED**.

**IT IS SO ORDERED.**

DATED:  June 4, 2007

Hon. Barry Ted Moskowitz
United States District Judge